(Reap. Dec. 10495)

PATRICK & GRAVES v. UNITED STATES

Entry No. 5515-H.

(Decided April 18, 1963)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

JOHNSON, Judge: When this appeal for reappraisement was called for trial, it was submitted upon the following stipulation of counsel for the respective parties:

MISS SHOSTAK: * * *

Plaintiff offers to stipulate, subject to the approval of the court, that the Volkswagen automobiles itemized on the invoice accompanying the entry covered by this appeal for reappraisement, that on the date of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers, and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, was the invoice unit values, f.o.b. Hamburg, plus cost of Americanization of $58.00 each as indicated in red ink on the invoice, but not including the shipper's service charge or fee for insurance.

MRS. ZIFF: After conferring with the Appraiser and Assistant Appraiser at this port, we so agree.

MISS SHOSTAK: Plaintiff further offers to state for the record that all the merchandise covered by this appeal was entered subsequent to February 27, 1958, the effective date of the Customs Simplification Act of 1956 provisions relating to Section 402, and plaintiff offers to stipulate that the merchandise the subject of this stipulation is included in the list of articles designated by the Secretary of the Treasury in T.D. 54521 issued January 20, 1958, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress.

Plaintiff further offers to stipulate that there were no higher foreign values for such or similar merchandise on the date of exportation involved in this case.

MRS. ZIFF: After conferring with the Appraiser and Asssistant Appraiser at this port, we so agree.

On the agreed facts, I find that export value, as that value is defined in section 402a(d) of the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the merchandise involved herein and that such value is the invoice unit

values f.o.b. Hamburg, plus cost of Americanization of $58 each as indicated in red ink on the invoice, but not including the shipper's service charge or fee for insurance.

Judgment will be rendered accordingly.